No. 26-2105
(DETAINED)

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

**EDWAR ANDERSON GOMEZ BLANCO,**
**Petitioner-Appellant,**

**v.**

**KRISTI NOEM,**
**Secretary of the United States Department of Homeland Security,**
**in her official capacity, et al.**

**Respondents-Appellees.**

---

**On Appeal from the United States District Court**
**for the District of Arizona**
**(2:26-cv-01768-MTL-CDB)**

---

**RESPONDENTS'-APPELLEES' MOTION TO HOLD**
**APPEAL IN ABEYANCE**

---

ARTHUR L. RABIN
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
PO Box 878, Ben Franklin Station
Washington, D.C. 20044-0878
Tel. (202) 880-0165

Attorney for Respondents-Appellees

## **INTRODUCTION**

Respondents respectfully request that the Court hold this appeal in abeyance pending the resolution of *Rodriguez Vazquez v. Bostock, et al.*, No. 25-6842 (9th Cir.). *Rodriquez Vazquez* is an appeal involving the same issue of statutory interpretation as this appeal and the Court granted expedited briefing in that case. The Court heard oral argument on March 4, 2026. Therefore, the interests of justice and judicial economy weigh in favor of holding this case in abeyance pending the resolution of *Rodriguez Vazquez*. Following notification sent to Petitioner's counsel, Nera Shefer, Esq., requesting whether Petitioner consents to this motion, undersigned counsel did not receive a response from Ms. Shefer prior to the filing of this motion. The Department of Homeland Security detainee database indicates that Petitioner is detained in ICE custody.

## **BACKGROUND**

Petitioner is a native and citizen of Peru, who entered the United States on June 21, 2022, without admission or parole. *See* Petitioner's Excerpts of Record ("EOR") 85, 90, 94. Petitioner was detained by immigration officials under 8 U.S.C. § 1225(b) and charged with being removable from the United States. EOR 86-87. Thereafter, while in removal proceedings, Petitioner submitted a request for asylum, withholding of removal, and protection under the Convention Against Torture (EOR 97), which was pretermitted by an Immigration Judge on January

1

20, 2026. EOR 99-100. Petitioner then appealed that order to the Board of Immigration Appeals on February 22, 2026. EOR 102.

Petitioner also filed a habeas suit in federal court and argued that he did not fall within the scope of individuals subject to detention under § 1225(b) and claimed that he was entitled to a bond hearing under 8 U.S.C. § 1226(a), or the due process clause. EOR 4. The district court denied Petitioner a writ of habeas corpus after concluding that Petitioner was subject to detention under § 1225(b)(2)(A). EOR 4-5.

The appeal in *Rodriguez Vazquez*, No. 25-6842 (9th Cir.) addresses substantially the same issues. In that case, the respondent appealed a district court's order holding that aliens who entered the United States without admission or inspection were not subject to detention under § 1225(b)(2) and were instead entitled to bond hearings under § 1226(a). Thus, the same issue of statutory interpretation—whether petitioner is subject to detention under § 1225(b)(2)— controls this appeal and the pending lead case in *Rodriguez Vazquez*. The court has expedited the briefing in *Rodriguez Vazquez*; briefing was completed on February 3, 2026, and oral argument was held March 4, 2026.

## ARGUMENT

This Court should hold this appeal in abeyance pending resolution of the lead case on this issue, *Rodriguez Vazquez*, which addresses substantially the same

issues and is proceeding on an expedited basis. Holding an appeal in abeyance that presents the same issues as other pending cases promotes judicial economy because different panels of the Court will not have to devote time and energy to reviewing the same issue and it reduces the risk of inconsistent rulings by different panels, which, in turn, reduces the potential need for consideration *en banc*. *See, e.g.*, *Farish for Farish v. Courion Industries, Inc.*, 754 F.2d 1111, 1114 (4th Cir. 1985); Order, *Shane Group Inc. v. Blue Cross Blue Shield of Mich.*, Nos. 19-2260/19-2261/19-2336, 2020 WL 8163437 (Aug. 21, 2020, 6th Cir.) (holding appeals in abeyance because they presented similar issues to another pending appeal). Moreover, holding this appeal in abeyance will not unduly delay the ultimate resolution of this case because *Rodriguez Vazquez* is fully briefed and argued, and the ruling in that case will likely resolve this appeal either in full or in substantial part. Holding this case in abeyance while *Rodriguez Vazquez* is resolved will not cause a meaningful delay in the ultimate resolution of this case because Petitioner has filed his opening brief. Accordingly, Respondent will be able to inform the Court of the impact of *Rodriguez Vazquez* on the instant case quickly and resume briefing, if necessary, in a timely fashion with the benefit of the analysis from the lead case. This will reduce the need for more rounds of briefing should the case proceed prematurely even though a decision in *Rodriguez Vazquez* is presumably imminent.

3

## CONCLUSION

The Court should hold this appeal in abeyance pending resolution of

*Rodriguez Vazquez*, No. 25-6842 (9th Cir.).

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JULIE M. IVERSEN
Senior Litigation Counsel

/s/ Arthur L. Rabin
ARTHUR L. RABIN
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044-0878
Tel. (202) 880-0165
Email: Arthur.Rabin@usdoj.gov

DATED: June 11, 2026          Attorneys for Respondents-Appellees

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Time New Roman type, is proportionally spaced and contains 858 words.

/s/ Arthur L. Rabin
ARTHUR L. RABIN
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2026, I electronically filed this motion for the United States with the Clerk of the United States Court of Appeals for the Ninth Circuit using the ECF system. I further certify that Petitioner's counsel, Nera Shefer, Esq., is a registered ECF user and will be served through the ACMS system.

/s/ Arthur L. Rabin
ARTHUR L. RABIN
Trial Attorney
U.S. Department of Justice